**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**DANVILLE DIVISION**

| | | |
|---|---|---|
| **LEXCORP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 4:10cv00027** |
| | ) | |
| **v.** | ) | |
| | ) | **By:  Hon. Michael F. Urbanski** |
| **WESTERN WORLD INSURANCE** | ) | **United States Magistrate Judge** |
| **COMPANY, <u>et al.</u>,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OPINION**</u>

This matter is before the court on several motions related to the court's diversity jurisdiction to adjudicate this insurance coverage case.  Because the court concludes that complete diversity does not exist, this case is remanded to the Circuit Court of Henry County pursuant to 28 U.S.C. § 1447(c).

The insurance coverage issues in this case arise out of an automobile accident that occurred on April 3, 2008 involving Linda A. Tenney ("Tenney").  Tenny, a resident in a group home operated by Claye Corp. in Ridgeway, Virginia, was injured while she was being transported in a vehicle operated by an employee of Lexcorp, a company in the business of patient transportation.  On March 30, 2010, Tenney, by her conservator, Susan J. Rhudy ("Rhudy"), filed suit in Henry County Circuit Court against Claye Corp. and Lexcorp.

On May 21, 2010, Lexcorp filed a Petition for Declaratory Judgment in the Circuit Court of Henry County against Western World Insurance Company ("Western World") and Lockman & Associates, Inc. ("Lockman"), seeking a declaration that Western World was obligated to

provide a defense and coverage to Lexcorp under a policy of insurance issued by Western World

to Lexcorp. Lexcorp had purchased the Western World insurance policy through Lockman, an

insurance agency. The petition alleged in the alternative that "Lockman, through its errors

and/or omissions, failed to procure appropriate insurance coverage on behalf of LEXCORP."

Pet. for Declaratory J. ¶ 15, attached as Ex. A to Western World's Notice of Removal, Dkt. # 1.

On the same day, Western World filed a competing declaratory judgment action in

federal court. This action names Lexcorp and Rhudy as defendants and bears civil action

number 4:10cv0020. Lockman is not a party to the federal court declaratory judgment action.

On June 8, 2010, Lexcorp filed a Motion to Realign Parties in its Henry County suit,

requesting entry of an order realigning Lockman as a party plaintiff, instead of as a defendant.

As grounds, Lexcorp asserted that this realignment would facilitate removal of this action to

federal court[1] so that the two coverage declaratory judgment actions could be heard together in

the interest of justice and to avoid inconsistent rulings.

On June 11, 2010, Western World removed the Henry County declaratory judgment

action to federal court and on July 2, 2010, moved to consolidate the two declaratory judgment

actions. In its Notice of Removal, Western World indicated it agrees with the position taken by

Lexcorp and asserts that Lockman's interest is closely aligned with Lexcorp's and adverse to

Western World's. As such, Western World agrees that Lockman should be realigned as a party

plaintiff, rendering complete diversity. Western World argued in the alternative that removal is

proper because Lockman was fraudulently joined to destroy diversity and therefore should be

dismissed from the case.

---

[1] Without realignment, there is no diversity of citizenship, as Lockman and Lexcorp are both citizens of Virginia, and Western World is a citizen of New Hampshire.

The problem with the position taken by Lexcorp and Western World regarding the nature of Lockman's interest in this case is that Lockman disagrees that its interest is aligned in any respect with that of Lexcorp. Lockman argues that given Lexcorp's allegations that Lockman breached a duty owed to Lexcorp to obtain proper insurance coverage, its interests are antagonistic, and this case should not be removed.

Normally, to effect removal, all properly joined defendants must consent to the removal under the so-called "rule of unanimity." See Parker v. Johnny Tart Enters., Inc., 104 F. Supp. 2d 581, 583-84 (M.D.N.C. 1999). Certain exceptions to this rule exists, including where the non-consenting defendant is merely a nominal party or where its interests are properly aligned with that of the plaintiff. See id. at 584 n.3. For the reasons that follow, the court finds that realignment of Lockman as a party plaintiff is inappropriate in this case. Lockman's interests are not aligned with Lexcorp's such that it could be a proper party plaintiff. Joinder of Lockman as a party defendant in the state court declaratory judgment action was not fraudulent, and Lockman is not otherwise susceptible to dismissal at this point. Finally, Lockman's role in this case is not merely nominal. As such, complete diversity does not exist among the parties to the Lexcorp declaratory judgment action, and it must be remanded to state court.

# I

Following removal of the state court declaratory judgment action, Western World argues that the court should look behind the pleadings and realign Lockman as a party plaintiff with Lexcorp. Western World contends that the principal purpose of the state court declaratory judgment action was to obtain insurance coverage for Lexcorp, and that Lexcorp and Lockman's interests are aligned in that respect. Western World explains their unity of interest by asserting that both Lexcorp and Lockman "want the Insurance Contract issued by Western World to apply

to the underlying liability suit.  Stated differently, if Western World prevails, such that the Court agrees that the Insurance Contract issued by Western World provides no coverage as to Tenney's underlying personal injury action, then Lockman might face at least a theoretical liability exposure to Lexcorp – however ill-founded in law that exposure might be."  Western World's Mem. Supporting its Notice of Removal, Dkt. # 2, at 6.  Lexcorp agrees that Lockman should be realigned as a party plaintiff and that removal is proper.  Lexcorp's Br. in Resp. to Western World's Mem. Supporting its Notice of Removal, Dkt. # 10, at 1.

Lockman disagrees that it is aligned in any respect with Lexcorp's interests, focusing on Lexcorp's allegation in the state court declaratory judgment action that Lockman breached its duties in failing to obtain appropriate insurance coverage for Lexcorp.

Federal courts are courts of limited jurisdiction, and the burden of establishing federal jurisdiction rests upon the party seeking removal.  Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 815 (4th Cir. 2004) (en banc) (citing Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir. 1994)).  Federal courts construe removal statutes strictly and must resolve all doubts about the propriety of removal in favor of state court jurisdiction.  "We are obligated to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated. Therefore, '[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary.'"  Id. at 816 (alterations in original) (quoting Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir. 1994)).  "Likewise, it is equally well-settled that the parties' characterization of themselves or their claims is not determinative for federal jurisdiction purposes."  Roche v. Lincoln Prop. Co., 373 F.3d 610, 615-16 (4th Cir. 2004), rev'd and remanded, 546 U.S. 81 (2005).  Rather:

> it is the court's duty to "look beyond the pleadings and arrange the
> parties according to their sides in the dispute."  Dawson v.

> Columbia Trust Co., 197 U.S. 178, 180 (1905); see also See [sic] Indianapolis v. Chase National Bank, Trustee, 314 U.S. 63, 80 (1941); 28 U.S.C. § 1332. Therefore, the court must first determine the "principal purpose of the suit," East Tennessee, V. & G.R. v. Grayson, 119 U.S. 240, 244 (1886), and the "primary and controlling matter in dispute," Merchants' Cotton Press Co. v. Insurance Co., 151 U.S. 368, 385 (1894), in order to realign the parties. The Fourth Circuit has adopted this test. U.S. Fidelity and Guaranty Co. v. A & S Manufacturing Co., Inc., 48 F.3d 131, 133 (4th Cir. 1995) ("The pleadings and the nature of the suit clearly manifest the proper alignment of the dispute."). Second, the court must determine whether any nominal defendants are named in the action as "[t]he doctrine of realignment permits and requires a nominal defendant to be treated as a plaintiff for the purpose of defining the real controversy, where no real cause of action is asserted against him by the plaintiff [ ]." Indianapolis, 314 U.S. at 80. Therefore, if the court determines nominal defendants exist in an action, then the court must realign the parties according to the primary controversy, and "[i]f the alignment differs from that of the complaint, the court must determine whether complete diversity continues to exist." U.S. Fidelity and Guaranty Co., 48 F.3d at 133.

Frith v. Martinsville Thermal, LLC, No. 4:05cv00074, 2006 WL 1400946, at *2 (W.D. Va. May 19, 2006).

The principal purpose of the Lexcorp state court declaratory judgment action is to provide protection for Lexcorp from the underlying Tenney personal injury lawsuit. Lexcorp's state court declaratory judgment petition seeks that protection in two forms. First, Lexcorp seeks a declaration that Western World owes it a duty to defend and coverage under the policy of insurance it issued to Lexcorp. Second, in the alternative, if that policy of insurance does not apply, Lexcorp seeks a declaration that Lockman, "through its errors and/or omissions, failed to procure appropriate insurance coverage on behalf of LEXCORP." Pet. for Declaratory J. ¶ 15 attached as Ex. A to Western World's Notice of Removal, Dkt. # 1.

Given the alternative allegations in the Lexcorp declaratory judgment petition, there is no way to construe Lockman and Lexcorp's interests as being aligned. Western World argues that

their interests are aligned to the extent that Western World's coverage is found to apply, but this argument ignores the alternative affirmative allegations of wrongdoing alleged by Lexcorp against Lockman. Given the express allegations contained in Lexcorp's state court declaratory judgment petition, it simply not the case that Lexcorp and Lockman are on the same side of this dispute. As such, realignment is not appropriate.

## II

Western World next argues that Lockman should be dismissed as a party to this case under the doctrine of fraudulent joinder. On this point, Lockman agrees with Western World that the declaratory judgment petition states no claim against it. Lexcorp, however, does not agree.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must show that (1) there is no possibility that the plaintiff would be able to establish a cause of action against the nondiverse defendant in state court, or (2) that there has been outright fraud in plaintiff's pleading of jurisdictional facts. Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Id. at 232-33 (citing Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992)). There is no suggestion of actual fraud in this case. Thus, in order to obtain jurisdiction under the doctrine of fraudulent joinder,

Western World must establish that there is no possibility that Lexcorp could establish a cause of action against Lockman in Virginia state court.

Western World argues that under General Insurance of Roanoke, Inc. v. Page, 250 Va. 409, 412, 464 S.E.2d 343, 345 (1995), Lexcorp's claim against Lockman is not cognizable under Virginia law. Lockman agrees, but provides no additional authority. In its Memorandum Supporting its Notice of Removal, Western World states that "Lockman could face no liability for the negligent failure to procure insurance requested by Lexcorp," citing the Virginia Supreme Court's decision in Page parenthetically for the proposition that "the insured has an affirmative duty to read its insurance contract, and its failure to apprise itself of the terms of the insurance provided under the insurance contract barred an negligence claim against the agent." Western World's Mem. Supporting its Notice of Removal, Dkt. # 2, at 9.

In Page, the Virginia Supreme Court indeed held that an insured's failure to read an insurance policy "constitutes [contributory] negligence as a matter of law that bars a recovery against the agent." 250 Va. at 412, 464 S.E.2d at 345. However, Page appears to have been tried only on a negligence theory. The insured in Page conceded that there was no fraud, 250 Va. at 411, 464 S.E.2d at 344, and the Supreme Court's opinion makes no mention of a breach of contract, agency or other claim against the insurance agent. Thus, it appears that the only claim at issue in Page was one of negligence against the insurance agent.

The Fourth Circuit has recognized that "[i]t is now well established, in Virginia and elsewhere, that an insurance professional 'owes a duty to his principal to exercise reasonable skill, care and diligence in effecting insurance. Thus, he may be held liable where he has breached a contract to procure insurance for his principal.'" Coyne & Delany Co. v. Selman, 98 F.3d 1457, 1470 n.15 (4th Cir. 1996) (quoting 16A John Alan Appleman & Jean Appleman,

Insurance Law and Practice § 8841 (1981)).  The Fourth Circuit's <u>Coyne</u> opinion also cites two

other Virginia cases, <u>Dickerson v. Conklin</u>, 218 Va. 59, 65, 235 S.E.2d 450, 454 (1977), and

<u>Standard Prods. Co., Inc. v. Wooldridge & Co., Ltd.</u>, 214 Va. 476, 482, 201 S.E.2d 801, 805

(1974), each of which plainly recognize that a breach of contract action may lie against an

insurance agent for failing to procure insurance.

   The allegations of wrongdoing against the insurance agent, Lockman, in the Lexcorp

declaratory judgment petition are terse and state only that "[i]n the alternative, Lockman, through

its errors and/or omissions, failed to procure insurance coverage on behalf of LEXCORP."  The

petition does not elucidate under which theory -- contract, tort or fraud -- the declaration is

sought.  There has been no concession, as in <u>Page</u>, that fraud was not involved in the

procurement of this insurance, nor has it been conceded, as in <u>Page</u>, that Lexcorp failed to read

the policy of insurance.  Even were that the case, however, Lexcorp would still be able to

proceed against Lockman on a breach of contract theory, as the holding in <u>Page</u> was narrow and

confined to the negligence context.  As such, it cannot be credibly argued that there is no

possibility of a cause of action by Lexcorp against Lockman under Virginia law.

   One final aspect of the doctrine of fraudulent joinder is less easily resolved.  This issue

concerns whether Lockman is properly a party to a declaratory judgment action under Virginia

law.  Under Virginia law, in cases of actual controversy, a circuit court has the "power to make

binding adjudications of right, whether or not consequential relief is, or at the time could be,

claimed. . . .  Controversies involving the interpretation of deeds, wills, and other instruments of

writing, statutes, municipal ordinances and other governmental regulations, may be so

determined, and this enumeration does not exclude other instances of actual antagonistic

assertion and denial of right."  Va. Code Ann. § 8.01-184.  Plainly, the question whether the

Western World policy provides coverage for the accident involving Tenney and Lexcorp is properly the subject of a declaratory judgment proceeding under this statute and may proceed under state law separate and apart from the underlying tort action. Reisen v. Aetna Life and Cas. Co., 225 Va. 327, 336, 302 S.E.2d 529, 534 (1983). It is far less clear whether Lexcorp's claim that Lockman failed to procure appropriate insurance coverage is properly the subject of a declaratory judgment action in Virginia. Certainly, there is a case of actual controversy and an antagonistic assertion and denial of right. However, the Virginia Supreme Court has held that declaratory judgment actions ought not proceed where some other mode of proceeding is provided. Fairfield Dev. Corp. v. City of Va. Beach, 211 Va. 715, 180 S.E.2d 533 (1971). In Fairfield, three real estate developers filed separate petitions for declaratory judgment to recover fees paid as required by the City of Virginia Beach before recording a subdivision plat. The City demurred to the petitions, contending that as the developers had an adequate remedy at law, the petition for declaratory judgment should be dismissed. The trial court overruled the demurrers, but the Supreme Court reversed, holding that as the developers were seeking a money judgment for a sum certain and should have proceeded by a motion for judgment, "[t]he court had nothing to determine that would guide the parties in their future conduct in relation to each other." Id. at 717, 180 S.E.2d at 535.

In so ruling, the court relied on its earlier opinion in Liberty Mutual Insurance Co. v. Bishop, 211 Va. 414, 177 S.E.2d 519 (1970). In Liberty Mutual, the court concluded that that "the power to make a declaratory judgment is a discretionary one and must be exercised with care and caution. It will not as a rule be exercised where some other mode of proceeding is provided." 211 Va. at 421, 177 S.E.2d at 524.

Likewise, in <u>Williams v. Southern Bank of Norfolk</u>, 203 Va. 657, 125 S.E.2d 803 (1962), the court explained that "[d]eclaratory judgments 'are intended to supplement rather than to supersede ordinary causes of action. . . . Preventative relief is the moving purpose. . . . Something more than an 'actual controversy' is necessary. In common cases where a right has matured or a wrong has been suffered, customary processes of the court, where they are ample and adequate, should be adopted.'" <u>Id.</u> at 662, 125 S.E. 2d at 807 (quoting <u>Am. Nat'l Bank & Trust Co. of Danville v. Kushner</u>, 162 Va. 378, 386, 174 S.E. 777, 780 (1934)). The court added:

> The declaratory judgment acts do not create or change any substantive rights, or bring into being or modify any relationships, or alter the character of controversies, which are the subject of judicial power, * * *. Their construction, while liberal, must be reasonable and confined within definite limits. They are not to be used as instruments of procedural fencing, either to secure delay or to choose a forum.

<u>Id.</u> at 662, 125 S.E.2d at 807 (internal citations omitted).

Thus, from these cases, it could be argued that the doctrine of fraudulent joinder allows this court to dismiss Lockman from the Lexcorp declaratory judgment petition as the claim against Lockman is not truly declaratory in nature and Lexcorp has an adequate remedy in an action at law against Lockman, which could be brought separately in state court.

On the other hand, the court is mindful of another important consideration at play in this case. Lexcorp's declaratory judgment action against Western World and affirmative claim against Lockman are interrelated, as they concern Lexcorp's efforts to obtain insurance for its patient transportation business and arise out of the same automobile accident and injuries to Tenney. As such, these issues should be decided by the same court and not resolved piecemeal in disparate federal and state forums. Given this important consideration, and the required

construction of the Virginia Declaratory Judgment Act set forth in Virginia Code § 8.01-191, which states it is to be "liberally interpreted and administered with a view to making the courts more serviceable to the people," the court believes that the entirety of the Lexcorp insurance dispute should be heard at one time in one court.[2] As this court does not have subject matter jurisdiction over the dispute between Lexcorp and Lockman because of the lack of diversity of citizenship between them, the appropriate forum for resolution of this matter is the Circuit Court for Henry County.[3] An appropriate Order will be entered.

The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered: October 1, 2010.

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States Magistrate Judge

---

[2] After reviewing Part Three of the Rules of Virginia Supreme Court concerning Practice and Procedure in Civil Actions, particularly Rules 3:1 concerning scope of civil actions and 3:12 concerning Joinder of Additional Parties, and following the merger of common law and equity pleading in Virginia, the court is unaware of any reason why the declaratory judgment petition against Western World and the affirmative claims against Lockman could not proceed in the same civil action in state court.

[3] Given the remand of this case to state court, there is no reason for both state and federal courts to decide whether the Western World insurance policy provides coverage to Lexcorp, unduly adding to the cost and burden of this dispute and possibly leading to inconsistent results. As such, the court will, by separate Memorandum Opinion and Order, dismiss without prejudice the Western World federal declaratory judgment action, Civil Action No. 4:10cv0020, in favor of the pending state court case.